IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLY G. MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-14-912-HE |
| v. | ) | |
| | ) | |
| W. RANKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional deprivations related to the conditions of his confinement at Davis Correctional Facility ("DCF"), in Holdenville, Oklahoma. Plaintiff has also submitted an application seeking leave to proceed *in forma pauperis*. The Complaint names two Defendants, W. Rankins, who is described as a unit manager at DCF, and Corrections Corporation of America ("CCA"), a private entity that operates DCF and is headquartered in Nashville, Tennessee. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Plaintiff's Complaint indicates venue in this Court is improper. See Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)(holding district court may consider personal jurisdiction and venue *sua sponte* when improper venue defense is obvious from face of the complaint and no further factual record is required to be developed).

The applicable venue statute provides:

1

> A civil action may be brought in - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In his Complaint, Plaintiff alleges he is being subjected to unconstitutional conditions of confinement at DCF and that Defendants have been deliberately indifferent to a substantial risk of harm to Plaintiff because of "known violent mentally ill inmates" at DCF.

Defendant Rankins presumably resides in in Hughes County, Oklahoma, the county in which Holdenville, Oklahoma is located, and Defendant CCA is based outside of the State of Oklahoma. The events, actions, and omissions upon which Plaintiff seeks relief all occurred in Hughes County, Oklahoma. Pursuant to 28 U.S.C. § 116(b), Hughes County is located within the jurisdiction of the United States District Court for the Eastern District of Oklahoma.

Thus, there is no basis for finding venue is properly laid in this judicial district. Pursuant to 28 U.S.C. § 1406(a), the district court "shall dismiss" a case filed in an inappropriate venue unless it finds the interests of justice would be served by transfer rather than dismissal. In this case, no pleadings beyond the Complaint have been filed, and the Court has not granted the *in forma pauperis* application. Under these circumstances, the matter should be dismissed pursuant to 28 U.S.C. § 1406(a) due to lack of venue without

prejudice to refiling the action in the proper judicial district. Further, the Court should deny the *in forma pauperis* application without prejudice to its renewal in the proper judicial district.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1406(a) due to lack of venue and the *in forma pauperis* application should be denied without prejudice to its renewal in the proper judicial district. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by September 18th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 29th day of August, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE